UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BENJAMIN ANDREW BYERLINE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NUMBER: 1:18 CV 430 |
| MARI LOVE, | ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

*Pro se* Plaintiff, Benjamin Andrew Byerline ("Byerline") filed suit against Defendant Mari Love ("Love"), a Department of Child Services caseworker, related to actions taken in an ongoing state court matter. Presently before the Court is Love's Motion to Dismiss [DE 11] pursuant to Fed.R.Civ. P. 12(b)(1). Byerline did not respond. For the following reasons, Love's Motion to Dismiss will be GRANTED.

## FACTUAL BACKGROUND

Byerline filed his Amended Complaint [DE 10] wherein he asserts the following: Love was assigned to Byerline as the case manager. [DE 10 at ¶3(A)]. As part of her obligations, Love files reports with the Allen Circuit Court in Cause No. 02D08-1807-JC-380. Byerline alleges that Love filed the following reports: (1) stating minor child is not in need of dental conditions [DE 10 at ¶3(A)(1)]; (2) stating Byerline refused to provide clothing upon removal of minor child [DE 10 at ¶3(A)(2)]; (3) stating Byerline is a high risk for mental issues [DE 10 at ¶3(A)(3)]; (4) listing home visits that did not occur [DE 10 at ¶3(A)(4)]; (5) not listing home visits that did occur [DE 10 at ¶3(A)(5)]; (6) stating Byerline's home was clutter [sic] and disaray [sic] during a home visit

1

[DE 10 at ¶3(A)(6)]; (7) stating Byerline has failed to provide changes in household composition, housing, and employment [DE 10 at ¶3(A)(7)]; (8) stating Byerline has refused all home visits [DE 10 at ¶3(A)(8)]; and (9) stating minor child is able to visit with her half-sister weekly [DE 10 at ¶3(A)(9)].

Byerline asserts Love has only conducted one home visit and has been inconsistent in her filed reports. [DE 10 at ¶3(A)(14-15)]Byerline further alleges that Love: "put [Byerline's] visits on hold, once [Byerline] asked for more visitation time with minor child to protect the best interest of the Licensed Foster Care placement" [DE 10 at ¶3(A)(10)]; violated court order by not providing referrals for service to Byerline by date established in court order [DE 10 at ¶3(A)(11)]; and refused to release drug test results [DE 10 at ¶3(A)(12)]. Finally, Byerline claims Love made a statement that "some Indiana dads are only good for death benefits" on a "social public platform." [DE 10 at ¶3(A)(13)].

## **APPLICABLE STANDARD**

Pursuant to Federal Rules of Civil Procedure Rule 12(b)(1), a defendant may move to dismiss claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon a federal court. *In re Chicago, Rock Island & Pac. R.R. Co.,* 794 F.2d 1182, 1188 (7th Cir.1986). When jurisdictional allegations are questioned, the plaintiff has the burden of proving that the jurisdictional requirements have been met. *Kontos v. United States Dep't of Labor,* 826 F.2d 573, 576 (7th Cir.1987). In reviewing a Rule 12(b)(1)motion to dismiss, the Court may look beyond the complaint and review any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists. *United Transp. Union v. Gateway Western R.R. Co.,* 78 F.3d 1208, 1210 (7th Cir.1996). Mindful of this standard, the Court turns now to the pending motion.

**DISCUSSION**

Although he has not expressly indicated it in his Amended Complaint (although in a previous Complaint he did do so), Byerline is attempting to bring suit pursuant to 42 U.S.C. §1983 against Love, a state actor, for violation of his Constitutional rights. The Amended Complaint fails to delineate which of his Constitutional rights Byerline believes have been violated but the Court can surmise that he is seeking redress for what he believes is a violation of his Due Process rights.

In his Amended Complaint, Byerline references Allen Circuit Court Cause Number 02D08-1807-JC-380 which is an ongoing Child in Need of Services proceeding involving a minor. Love has moved to dismiss the Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and the *Younger* abstention doctrine.

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction, it must proceed no further." *State of Illinois v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998). Under the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971), federal courts are required "to refrain from exercising jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1071 (7th Cir. 2018), *petition for cert. filed* (U.S. Mar. 13, 2019). The doctrine originally required abstention in cases in which a criminal defendant sought a federal injunction to stay or enjoin state court proceedings. *See* 401 U.S. at 40–41; *Courthouse News Serv.*, 908 F.3d at 1071. However, the Supreme Court extended the doctrine to civil proceedings "in which the state's interests are so important that exercise of

federal judicial power over those proceedings would disregard the comity between the states and federal government." *Courthouse News Serv.*, 908 F.3d at 1071.

That is the case here. In CHINS proceedings, "the law recognizes the state's interest in protection of children...." *Millspaugh v. Wabash Cty. Dep't of Pub. Welfare*, 746 F. Supp. 832, 848 (N.D. Ind. 1990), *aff'd*, 937 F.2d 1172 (7th Cir. 1991). Byerline's Amended Complaint seeks review in this federal court of decisions made in an Indiana state court CHINS proceeding to which it appears his minor child is a party. He seeks to have this court intervene or interfere with the assessment of this case by Love, the case manager assigned to the case. This Court does not have jurisdiction to review those state court proceedings, even though it is alleged that the proceedings have deprived Byerline of his federal rights. *See, e.g.*, *Ritter v. Ross*, 992 F.2d 750 (7th Cir. 1993). As a result, this Court lacks jurisdiction over this action and the Motion to Dismiss is GRANTED.

## **CONCLUSION**

For the reasons stated, Love's Motion to Dismiss [DE 11] is GRANTED. The Clerk is DIRECTED to enter judgment in favor of the Defendant.

Entered: This 13th day of May, 2019.

s/ William C. Lee
United States District Judge